IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 04-00788-W |
| | ) | |
| SEA ISLAND COMPREHENSIVE | ) | |
| HEALTH CARE CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |

**OBJECTION OF UNITED STATES OF AMERICA TO DEBTOR'S
APPLICATION FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS
AND FOR APPROVAL OF THIRD PARTY BIDDING PROCEDURES**

COMES NOW the United States of America, on behalf of its agency, Rural Development (hereinafter "RD"), formerly the Farmers Home Administration, United States Department of Agriculture, and objects to the Debtor's Application for Sale of Property Free and Clear of Liens and for Approval of Third Party Bidding Procedures filed on January 20, 2005. In support of this objection, the United States would show the following:

1. RD is a secured creditor in this Chapter 11 bankruptcy proceeding, having filed a proof of claim on March 10, 2004, in the total amount of $1,463.455.66, all of which is secured by collateral consisting of, *inter alia*, a mortgage encumbering the real property to be sold.

2. Prior to filing this bankruptcy proceeding on January 22, 2004, the Debtor obtained conditional approval from RD to sell approximately 28 acres of excess real property; however, the sale fell through.

3. The Debtor proposes to sell 42.77 acres plus part of PUD-1 less part of PUD-4 as shown on a map attached to Application as Exhibit A (hereinafter "42.77± acres") to the River Birch Development, LLC (hereinafter "Proposed Buyer"), at private sale for $3,500,000, subject to higher and better offers.

4.      Although it appears that the Proposed Buyer intends to develop the subject 42.77± acres for similar purposes as the prior proposed purchaser, it also appears that the proposed development significantly alters the property of at least 27 acres by adding entrances to the sites and by obtaining approval to fill certain areas identified as wetlands.

5.      The United States objects to the sale of the property on the grounds that the proposed alteration of the property of at least 27 acres by adding entrances to the sites and by obtaining approval to fill certain areas identified as wetlands implicates the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, which necessitates a review of potential environmental impacts prior to an approval of a release of security property.  An environmental process is required for the protection of the environment and for identifying a proposed project's environmental consequences and the measures which will be taken to reduce negative impacts. *Cf.* RD Instruction 1951-E §1951.210 (requiring that appropriate environmental review be completed prior to approval of servicing action).  Moreover, owing to the fact that an environmental review is a time-consuming process which likely will involve surveys (e.g., wetlands delineations, biological surveys, and/or archaeological surveys) required by environmental agencies, and the completion of which is contingent not only upon time frames imposed by such agencies, but also upon the timely participation of, and/or cooperation from, the buyer and the seller, RD anticipates that the environmental process necessary to address the subject property in this case could take 3 to 8 months to complete.

6.      The United States further objects to the sale of the property on the grounds that RD has not been able to obtain a real estate appraisal necessary (a) to determine if the proposed sale price of $3,500,000 is adequate consideration for the 42.77± acres proposed to be sold and released and

(b) to determine the value of the remaining security, which RD is required to determine prior to approving and releasing security from a sale as is proposed by the Debtor. *See* RD Instruction 1951-E §1951.226. RD anticipates that it will likely take 60 to 120 days to obtain the completed appraisals from a contracted appraiser.

WHEREFORE, the United States respectfully objects to the Debtor's Application for Sale of Property Free and Clear of Liens and for Approval of Third Party Bidding Procedures.

> Respectfully submitted,
>
> JONATHAN S. GASSER
> ACTING UNITED STATES ATTORNEY
>
> By /s/ J. Douglas Barnett
>    J. DOUGLAS BARNETT (ID #2144)
> Assistant United States Attorney
> 1441 Main Street, Suite 500
> Columbia, South Carolina 29201
> Telephone: (803) 929-3000

February 10, 2005

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 04-00788-W |
| | ) | |
| SEA ISLAND COMPREHENSIVE | ) | |
| HEALTH CARE CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor(s). | ) | |
| | ) | |

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers. That on February 10, 2005, he served a copy of the attached **OBJECTION OF UNITED STATES OF AMERICA TO DEBTOR'S APPLICATION FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS AND FOR APPROVAL OF THIRD PARTY BIDDING PROCEDURES** by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States mail at the United States Attorney's Office, 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

Addressee(s):

J. Ronald Jones, Jr.
126 Seven Farms Dr.
Suite 200
Charleston, SC  29492-7595

Joseph F. Buzhardt, III, Esquire
Mary G. Slocum, Esquire
Office of the United States Trustee
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC  29201

        /s/ J. Douglas Barnett
          J. DOUGLAS BARNETT
        Assistant United States Attorney