**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: 04-788

_Final Decree_

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

---

FILED BY THE COURT ON

Nov. 9, 2005



_John E. Waites_
John E. Waites
US Bankruptcy Court Judge
District of South Carolina

**ENTERED**
NOV - 9 2005
**S. R. P.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| In re: | ) | Case Number: 04-00788-jw |
|---|---|---|
|  | ) | CHAPTER 11 |
| SEA ISLAND COMPREHENSIVE | ) |  |
| HEALTH CARE CORPORATION | ) |  |
|  | ) |  |
| DEBTOR | ) |  |
|  | ) |  |

**FINAL DECREE**

THIS MATTER came on before the undersigned upon Report of Substantial Consummation, Application for Final Decree and Motion for Omnibus Relief; and

IT APPEARING to the Court that the estate of the above-named debtor has been fully administered within the meaning of all relevant Bankruptcy Code provisions and Rules; and

IT FURTHER APPEARING that the request of the Debtor for further relief including, (1) the modification of the Contract of Sale to River Birch Development entered on February 18, 2005, providing a deadline for the closing and allowing the Debtor after that deadline to proceed with an alternative contract for the sale of the property; (2) the procedure for the payment of negotiated claims; and (3) the procedure for unclaimed dividends, all were made in good faith and would further the goals of the confirmed Plan of reorganization.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Debtor's request to modify the terms of the River Birch Development Contract of Sale to allow for (1) a deadline for closing, (2) the approval of an alternative contract of sale to City of Charleston in the event that the scheduled closing does not take place by the deadline; and (3) a declaration that in the event that the closing on the River Birch contract does not take place by November 20, 2005, that the Debtor has no further liability or obligation thereunder, is

ALLOWED; except that River Birch shall retain its rights as Buyer under the Contract of Sale, and Debtor shall honor its obligations to River Birch under the Contract of Sale, if a closing has not occurred by November 20, 2005, based on circumstances beyond the control of the Debtor or River Birch, or solely attributable to the Debtor, and in no event attributable to River Birch. A tender by River Birch to the Debtor's counsel of the purchase price of the property, subject to prorations and adjustments pursuant to the Contract of Sale, and subject to delivery to River Birch of required closing documents, shall be deemed to demonstrate that any delay of closing is not attributable to River Birch. River Birch shall close promptly upon removal of any impediment to closing.

IT IS FURTHER ORDERED that the Debtor's request for Court approval of the procedure for the payment of negotiated claims is fair and reasonable and is therefore ALLOWED; and

IT IS FURTHER ORDERED that the Debtor's request for Court approval of the procedure for the payment of returned or unclaimed dividends and to modify the Plan to provide for this procedure is ALLOWED; and

IT IS FURTHER ORDERED that the Chapter 11 case of the above-named debtor is closed and the Court's jurisdiction is ended except as to the following matters:

1.  Any and all matters related to or arising under and/or from the Contract for the Sale of Real Property approved and entered by the Court on February 18, 2005;

2.  Any and all issues related to or arising under and/or from the claim of the Internal Revenue Service, the Debtor's request for an abatement of the penalties and interest related to such claim and the appeal of the Debtor therefrom; and

3.  Any and all matters over which the Court has jurisdiction provided in 11 U.S.C.

§1142.

IT IS FURTHER ORDERED that all quarterly fees due and owing the United States Trustee pursuant to 11 U.S.C. §1930(a)(6) must be paid current through the date of entry of this Order.